RECORD NUMBER: 13-4442

# United States Court of Appeals
## *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**KEVIN KIRBY,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH

# OPENING BRIEF OF APPELLANT

**PETER MARSHALL WOOD**
**LAW OFFICE OF PETER WOOD**
**5 West Hargett Street**
**Room 1004**
**Raleigh, NC 27601-2936**
**(919) 821-1083**

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ..................................................................................... 1

STATEMENT OF ISSUES ................................................................................... 1

1.  The trial court committed prejudicial error when it shifted the burden of proof from the United States to Kirby, by requiring him to prove why his probation should not be revoked and his sentence activated ................................................................................................... 1

STATEMENT OF THE CASE ............................................................................. 1

STATEMENT OF FACTS .................................................................................... 3

ARGUMENT ......................................................................................................... 4

     Summary of Argument ............................................................................. 4

     Standard of Review .................................................................................. 5

     Discussion ................................................................................................. 5

CONCLUSION ...................................................................................................... 7

ORAL ARGUMENT .............................................................................................. 7

CERTIFICATE OF COMPLIANCE

CERTIFICATE

# **TABLE OF AUTHORITIES**

## **CASES**

Mullaney v. Wilbur,
    421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) .......................... 6

United States v. Ball,
    358 F.2d 367 (4th cir. 1966) ................................................................. 6

United States v. Cates,
    402 F.2d. 473 (4th Cir. 1968) ............................................................... 5

United States v. Crudup,
    461 F.3d 433, 438 (4th Cir. 2006) ........................................................ 5

United States v. Johnson,
    892 F.2d. 369 (4th Cir. 1989) ............................................................... 5

United States v. Nagelberg,
    413 F.2d. 708 (2nd Cir. 1969) .............................................................. 5

United States v. Yates,
    308 F.2d. 737 (10th Cir. 1962) ............................................................. 6

## **RULES, STATUTES, AND OTHER AUTHORITIES**

18 U.S.C. § 3583 ....................................................................................... 1

18 U.S.C. § 3742 ....................................................................................... 1

21 U.S.C. § 841(a)(1) ................................................................................ 1

28 U.S.C. § 1291 ....................................................................................... 1

U.S. Constitution Fifth Amendment ......................................................... 7

# STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The District Court had jurisdiction under 18 U.S.C. § 3583. This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. The District Court revoked the probation of Kevin Kirby, the defendant, and sentenced him to an active sentence on June 3, 2013. He gave timely notice of appeal on June 4, 2013.

# STATEMENT OF ISSUES

1. The trial court committed prejudicial error when it shifted the burden of proof from the United States to Kirby, by requiring him to prove why his probation should not be revoked and his sentence activated.

# STATEMENT OF THE CASE

November 14, 2011 defendant pled guilty to conspiracy to distribute and possession with intent to Distribute a Quantity of Marijuana in case number 5:11CR119-1F in the Eastern District of North Carolina under 21 U.S.C. section 841(a)(1). The Court placed him on supervised probation for five years. (Joint Appendix, 23-25)

The initial sentencing court found Kirby to have a prior criminal history level of 3 for a criminal history category of II. The court considered:

> 1. 6/4/2004 conviction for possession of drug paraphernalia, reduced from possession with intent to manufacture, sell, and deliver cocaine. - One point.

1

2. 5/21/2005 convicted of felony possession of cocaine- One point.

3. 8/26/2007, convicted of possession of drug paraphernalia, reduced from possession with intent to sell and deliver marijuana. One point.

The court found that Kirby's offense had a base level of ten, according to statute. The court added two points for possession of a firearm, but subtracted two points, because Kirby accepted responsibility. The court found the maximum punishment was sixty months, but the guidelines called for a punishment of eight to fourteen months. The court placed defendant on supervised probation. (Joint Appendix, 79-80, 84-87)

Defendant's federal probation officer filed three motions for revocation on Offender under Probation. (Joint Appendix, 32-33, 37-38, 39-40) The final amended motion was filed May 6, 2013. (Joint Appendix, 39-40) The last motion alleged:

1. Defendant failed to submit truthful and complete written reports within the first five days of each month;

2. Defendant absconded;

3. November 6, 2012 defendant was cited for misdemeanor possession of marijuana and speeding in Wake County, North Carolina;

4. December 12, 2012 the state of North Carolina charged defendant with possession with intent to sell and deliver marijuana. December 21, 2012

2

> North Carolina charged defendant with assault with deadly weapon with intent to kill, discharging a weapon into occupied property with serious bodily injury, two counts of felony conspiracy, conspiracy to commit robbery with a dangerous weapon, and robber with a dangerous weapon.

5. Defendant failed to report to the probation officer as directed; and

6. Defendant failed to participate in a cognitive behavior therapy program

Defendant admitted some of the violations at hearing. The District Court revoked Defendant's probation and sentenced him to an active sentence on June 3, 2013 of sixty months. (Joint appendix, 45-46 61)

He gave timely written notice of appeal on June 4, 2013. (Joint appendix, 62)

## STATEMENT OF THE FACTS

Kirby admitted some of the violations and denied others:

1. He admitted failing to submit written reports;

2. He denied absconding;

3. He admitted receiving a citation for misdemeanor possession of marijuana, but denied speeding;

4. He admitted being arrested on the marijuana charge, but denied any knowing involvement in the other crimes, asserting that he did not know the real criminals were going to break the law;

3

5. He admitted not reporting to his probation officer;

6. He denies that the willfully failed to participate in the cognitive behavioral program. He says he tried to participate, but had issues with transportation and his work schedule.

One witness testified for the United States. Detective Issa Smith with the Raleigh Police Department elaborated on the alleged criminal conduct in December, 2012 that led to charges of armed robbery and assault and conspiracy. (Joint appendix, 48-53). The United States presented no other evidence.

After the United States had finished presented evidence. The trial court asked defendant's trial counsel "Why shouldn't he be found to have violated all four as indicated?" Kirby had not presented any evidence and did not testify. (Joint appendix, 55) The Court found that the United States had proven every violation, alleged in the report. (Joint Appendix, 58)

Appellate Counsel will develop further facts as needed in the argument below.

## **ARGUMENT**

Summary of Argument

The United States has the burden of proof in a probation violation hearing. The presiding judge unlawfully shifted this burden to the defendant, requiring him to prove why his probation should not be revoked.

4

Standard of Review

The Court reviews supervised release revocation sentences to see if they are "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006).

Discussion

At the conclusion of the United States' case the trial judge asked defendant's counsel "Well, why shouldn't he be found to have violated all four as indicated?" (Joint Appendix 55) The court shifted the burden in the case to the defendant. The United States, the party bringing defendant into court for the alleged violation, as the movant had the burden of proof, not defendant.

The trial court may only revoke probation if it is "reasonably satisfied" that a term or condition of probation has been violated. United States v. Johnson, 892 F.2d. 369,371 (4th Cir. 1989). Admittedly the court has broad discretion to determine when to revoke probation. United States v. Cates, 402 F.2d. 473,474 (4th Cir. 1968). This broad discretion does not include the authority to disregard one of the main tenets of criminal procedure and constitutional law.

"The burden of proof is on the Government" in a probation violation hearing. United States v. Nagelberg, 413 F.2d. 708, 709 (2nd Cir. 1969) The Government has a burden of presenting "evidence and facts… such as to reasonably satisfy the judge that the conduct of the probationer has not been as

5

good as required by the conditions of probation." <u>United States v. Ball</u>, 358 F.2d 367,368 (4th cir. 1966), citing <u>United States v. Yates</u>, 308 F.2d. 737, 739 (10th Cir. 1962).

In criminal proceedings the State has the burden of proof. Shifting that burden to the defendant is a violation of his constitutional rights and is prejudicial error. <u>Mullaney v. Wilbur</u>, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

The United States only put forth evidence about one of the six violations. The Raleigh Police Detective only had knowledge about violation number four, the alleged criminal conduct in December, 2012. Defendant admitted violation 1.

Defendant denied violations 2, 4, and 6. Since the United States presented no evidence as those violations, the trial court had to shift the burden of proof on those violations. The trial court found that appellant had violated all six allegations in the final motion to violate his probation. Since there was no evidence on any of those, except for number four, the court must have required appellant to disprove the violations, rather than requiring the United States to prove them.

Defendant's situation is especially troubling. With the government only presenting evidence as to one of the six alleged violations, defendant's only choice was to testify. If the court expected him to disprove the violations, he could only do so by presenting his own evidence. He had no other witnesses to testify on his behalf. And, why should he have brought witnesses to court? Defendant could

6

reasonably have expected the court to require the United States to meet the burden of proof. Defendant had a no win situation. He could either not testify or not disprove the violations or he could give up his Fifth Amendment right against self-incrimination and testify.

The court should not have forced him to make that choice. The court should have kept the burden of proof on the government. The trial court erroneously shifted the burden of proof to defendant.

## **CONCLUSION**

Since the trial court erred by shifting the burden in the probation violation hearing to defendant, this Court should vacated appellant's probation violation and remand the case for another probation violation hearing with instructions to apply the correct burden of proof.

## **ORAL ARGUMENT**

Counsel for Defendant does not request oral argument.

                                                                 Respectfully Submitted,

                                                                  /s/Peter Wood

Peter Wood, Attorney at Law
N.C. State Bar No. 19630
5 West Hargett Street, Suite 1004
Raleigh, NC 27602
P:  (919) 821-1083
F: (919) 828-5608
petewood@peoplepc.com

*Attorney for Appellant-Defendant*

7

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4442     Caption: US v. Kevin Kirby

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

[✓] this brief contains __1,369__ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[ ] this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

[✓] this brief has been prepared in a proportionally spaced typeface using __MS Word 2010__ [*state name and version of word processing program*] in __Times New Roman, 14 point__ [*state font size and name of the type style*]; *or*

[ ] this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) Peter M. Wood

Attorney for Appellant

Dated: 08/28/2013

Rev. 03/03/11

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

JENNIFER P. MAY-PARKER
OFFICE OF THE U.S. ATTORNEY
Federal Building
310 New Bern Avenue
Suite 800
Raleigh, NC 27601-1461
(919) 856-4530


*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664


Filing and service were performed by direction of counsel